IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAYON BENSON**<br>1329 CHESTNUT STREET<br>WILMINGTON, DE 19805<br>      **Plaintiff**<br><br>      v.<br><br>**DELAWARE COUNTY**<br>201 WEST FRONT STREET<br>MEDIA, PA 19063<br>    **and**<br>**THE GEO GROUP, INC.**<br>1 PARK PLACE, SUITE 700<br>621 NORTHWEST 53RD STREET<br>BOCA RATON, FL 33487<br>    **and**<br>**GEO CORRECTIONS**<br>1 PARK PLACE, SUITE 700<br>621 NORTHWEST 53RD STREET<br>BOCA RATON, FL 33487<br>    **and**<br>**GEO CARE**<br>1 PARK PLACE, SUITE 700<br>621 NORTHWEST 53RD STREET<br>BOCA RATON, FL 33487<br>    **and**<br>**WARDEN LEE TATUM**<br>GEORGE W. HILL CORRECTIONAL FACILITY<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373<br>    **and**<br>**FACILITY ADMINISTRATOR DAVID BYRNE**<br>GEORGE W. HILL CORRECTIONAL FACILITY<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373<br>    **and**<br>**CORRECTIONAL OFFICER K. YEBOAH**<br>GEORGE W. HILL CORRECTIONAL FACILITY<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373<br>    **and**<br>**CORRECTIONAL OFFICER C. GILLARD**<br>GEORGE W. HILL CORRECTIONAL FACILITY<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : **JURY TRIAL DEMANDED**<br>:<br>: No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

| | |
|---|---|
| and | : |
| **CORRECTIONAL OFFICERS JOHN DOE 1 – 10** | : |
| GEORGE W. HILL CORRECTIONAL FACILITY | : |
| 500 CHEYNEY ROAD | : |
| THORNTON, PA 19373 | : |
| **Defendants** | : |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff brings the action for damages pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as the statutory and common laws of the Commonwealth of Pennsylvania, as the result of being assaulted while incarcerated at George W. Hill Correctional Facility.

## II. JURISDICTION AND VENUE

2. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§1331 and 1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## III. PARTIES

4. Plaintiff, Dayon Benson, is an adult citizen of the State of Delaware, residing as captioned.

5. Plaintiff was released from custody prior to the filing of this complaint.

6. Defendant, Delaware County, is a municipal agency, organized and existing pursuant to Pennsylvania law, which owns the George W. Hill Correctional Facility (hereinafter "GWHCF"), and has its main office located as captioned.

7. Defendants, The GEO Group, Inc., GEO Corrections, and GEO Care (hereinafter referred to collectively as "GEO") are business entities, organized and existing pursuant to Florida law, with a principal place of business as captioned.

8. At all relevant times, Defendants GEO were acting in concert with each other and/or as the same entity as each other.

9. At all relevant times, Defendants GEO were acting on their own behalf and/or as successor and/or assignee of Community Education Centers, Inc., which was acquired by Defendants GEO prior to the events described in this complaint.

10. At all relevant times, Defendants Delaware County was charged with housing, supervising, and caring for inmates housed at GWHCF, including pretrial detainees such as Plaintiff, and they delegated that constitutional duty to Defendants GEO, who took on that responsibility.

11. At all relevant times, Defendants Delaware County and GEO were performing a traditional governmental function under color of state law and were therefore state actors.

12. At all relevant times, Defendants Delaware County, and GEO, acted or failed to act by and through their agents, servants, employees, and/or contractors, then and there acting within the course and scope of their agency, servanthood, employment, and/or contract, including, but not limited to, the named individual defendants.

13. At all relevant times, Defendants Delaware County, and GEO, were responsible for testing, hiring, staffing, training, supervising, and disciplining correctional

officers at GWHCF, including, but not limited to, the named individual defendants.

14. Defendants, Warden Lee Tatum and Facility Administrator David Byrne, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed by Defendants Delaware County, and/or GEO.

15. Defendants, Warden Lee Tatum and Facility Administrator David Byrne, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were acting under color of state law pursuant to the customs, practices, and policies of Defendant Delaware County and its relevant subdivisions who had final decision-making authority regarding the care and supervision of inmates at GWHCF and are being sued in their individual capacities.

16. Defendants, Correctional Officers K. Yeboah, C. Gillard, and John Doe 1 – 10, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as corrections officers by Defendants Delaware County, and/or GEO.

17. At all relevant times, Defendants Correctional Officers K. Yeboah, C. Gillard, and John Doe 1 – 10, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendants Delaware County, and/or GEO.

18. At all relevant times, Defendant GEO acted, or failed to act, by and through its servants, agents, workmen, employees and/or contractors Defendants Correctional Officers K. Yeboah, C. Gillard, and John Doe 1 – 10.

### III. OPERATIVE FACTS

19. On or about July 27, 2018, Plaintiff was arrested on charges of simple assault, criminal mischief, and related offenses.

20. Bail was set at a total of $50,000, which Plaintiff was unable to post, and he was taken to GWHCF, where Plaintiff was incarcerated as a pretrial detainee.

21. At all relevant times, Plaintiff was housed in unit 4A of GWHCF.

22. On or about July 4, 2019, Plaintiff submitted an Inmate/Resident Grievance Form requesting to be moved from housing unit 4A to a different housing unit because other inmates threatened to "cut" and "jump" him, causing Plaintiff to fear for his life.

23. Defendants took no action with regards to Plaintiff's Grievance.

24. On July 6, 2019, at approximately 6:20 p.m., in GWHCF housing unit 4A, Plaintiff was stabbed in the face by Lamar Linehan, a known violent inmate housed in unit 4A, with an improvised weapon.

25. At the above date, time, and location, Defendant Correctional Officer K. Yeboah was "locking in unit 4A".

26. At the above date, time, and location, Defendant Correctional Officer C. Gillard was in the control room, monitoring unit 4A.

27. At the above date, time, and location, Defendants Correctional Officer John Doe 1 – 10 were in various locations in and around unit 4A monitoring the inmates.

28. At the above date, time, and location, Defendants Correctional Officer K. Yeboah, C. Gillard, and John Doe 1 – 10 did not respond to Lamar Linehan's assault of Plaintiff until after Plaintiff had been seriously injured.

29. On July 6, 2019, at approximately 6:50 p.m., Plaintiff presented to GWHCF medical unit with a puncture wound to his left cheek and a scratch on his left clavicle.

30. Defendants did not begin the process of moving Plaintiff to a different housing unit until after the aforementioned assault by Lamar Linehan.

31. If Defendants had not been deliberately indifferent to the risk of harm against Plaintiff, inmate Lamar Linehan would not have had the opportunity to assault him.

32. Plaintiff was confined to the prison without adequate surveillance, supervision, or protection, resulting in his being assaulted.

33. Upon information and belief, as a result of Defendants' actual knowledge of the risk of harm to Plaintiff and their failure to take action, it was a foreseeable consequence that Plaintiff would be assaulted by another inmate, which constituted an immediate threat to his safety and well-being.

34. As a direct and proximate result of the above deliberate indifference of Defendants, Plaintiff, suffered emotional pain and physical pain and suffering.

**COUNT I – 42 U.S.C. § 1983**
**SUBSTANTIVE DUE PROCESS—FAILURE TO PROTECT**
**DAYON BENSON V. WARDEN LEE TATUM, FACILITY ADMINISTRATOR DAVID BYRNE, CORRECTIONAL OFFICER K. YEBOAH, CORRECTIONAL OFFICER C. GILLARD, & CORRECTIONAL OFFICER JOHN DOE 1 – 10**

35. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 were, at all relevant times, responsible for providing Plaintiff a safe prison environment.

37. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 knew that there was a substantial risk of

harm to Plaintiff but failed to take reasonable measures to protect him, such as moving Plaintiff or Lamar Linehan out of housing unit 4A, searching unit 4A for improvised weapons, or otherwise responding to the risk of harm to Plaintiff.

38. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 were deliberately indifferent to Plaintiff's constitutional rights and their acts and failures to act were malicious, shocking to the conscience, and done with willful and/or reckless disregard for Plaintiff's safety.

39. Plaintiff would not have been injured but for the deliberate indifference of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10.

40. Plaintiff's injuries were a direct, proximate, and foreseeable consequence of Defendants' Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 failure to take reasonable measures to prevent said harm and/or have or enforce effective and appropriate housing, classification, custody, separation, and security policies.

41. All of these actions and failures to act violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

42. The above-described acts and failures to act of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah,

   Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT II – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**DAYON BENSON V. WARDEN LEE TATUM, FACILITY ADMINISTRATOR DAVID BYRNE, CORRECTIONAL OFFICER K. YEBOAH, CORRECTIONAL OFFICER C. GILLARD, & CORRECTIONAL OFFICER JOHN DOE 1 – 10**

43. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

44. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10 had a constitutional and/or statutory duty to intervene when Plaintiff was unlawfully assaulted and battered and/or subjected to cruel and unusual punishment.

45. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 knew that Plaintiff's rights were being violated and despite said knowledge failed to intervene and stop the unlawful conduct of Lamar Linehan.

46. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 had a reasonable opportunity to intervene to prevent and/or limit the unlawful attack on Plaintiff but remained deliberately indifferent and failed to do so.

47. As a direct and proximate result of the above malicious, intentional, and/or reckless acts and failures to act of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10, Plaintiff suffered the injuries described above.

48. The above-described acts and failures to act of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**SUPERVISORY LIABILITY**

**DAYON BENSON V. WARDEN LEE TATUM, FACILITY ADMINISTRATOR DAVID BYRNE, CORRECTIONAL OFFICER K. YEBOAH, CORRECTIONAL OFFICER C. GILLARD**, & **CORRECTIONAL OFFICER JOHN DOE 1 – 10**

49. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

50. Plaintiff believes and therefore avers that, at all relevant times, Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 directed individuals under their supervision to take the aforementioned acts and failures to act that violated Plaintiff's constitutional rights.

51. Plaintiff believes and therefore avers that Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 were present during and/or had actual knowledge of the aforementioned acts and failures to act of the defendants that violated Plaintiff's constitutional rights and acquiesced to said violation.

52. Plaintiff believes and therefore avers that, at all relevant times, Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 had adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, permitting improvised weapons and the unlawful assault and battery of pretrial detainees by other known violent inmates of GWHCF and remaining deliberately indifferent to the safety of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws

of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

53. Plaintiff believes and therefore avers that Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 had at all relevant times systematically failed to adequately test, hire, train, supervise, and discipline prison staff, including but not limited to the individually named defendants, regarding appropriate procedures for removing improvised weapons and ensuring the safety of inmates consistent with the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and were therefore in violation of 42 U.S.C. § 1983.

54. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 have been deliberately indifferent to the rights of pretrial detainees to be free from cruel and unusual punishment, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States, and in violation of 42 U.S.C. § 1983.

55. Plaintiff believes and therefore avers that Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 have knowingly adopted and maintained recognized and accepted customs, policies, and/or practices within GWHCF that increases the risk of danger to inmates

such as Plaintiff and that ultimately resulted in Plaintiff's above-described injuries, including but not limited to:

   a. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to prevent inmates with known violent propensities from being allowed to access improvised weapons;

   b. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to respond to grievances from inmates regarding imminent threats of harm from other known violent inmates;

   c. Failing to have and/or enforce appropriate and immediately effective custody procedures, policies, and training;

   d. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure GWHCF staff act to prevent and/or intervene in foreseeable inmate-on-inmate assaults.

56. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10 have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of inmates by failing to:

   a. Take steps to terminate them,

   b. Discipline or otherwise properly supervise the defendant correctional officers who engaged in them;

   c. Sanctioned them instead of effectively training the defendant correctional officers with regard to the proper constitutional and statutory limits to the exercise of their authority.

57. Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10, effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the

Fourteenth Amendment of the Constitution of the United States, the laws of the United States, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

58. As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10, Plaintiff suffered the injuries described above.

59. The above-described acts and failures to act of Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and/or Correctional Officer John Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Lee Tatum, Facility Administrator David Byrne, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV – 42 U.S.C. § 1983**
*MONELL* **CLAIM**
**DAYON BENSON V. DELAWARE COUNTY, THE GEO GROUP, INC., GEO CORRECTIONS, GEO CARE, WARDEN LEE TATUM, & FACILITY ADMINISTRATOR DAVID BYRNE**

60. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

61. Plaintiff believes and therefore avers that, at all relevant times, Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne had adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, permitting improvised weapons and the unlawful assault and battery of pretrial detainees by other known violent inmates of GWHCF and remaining deliberately indifferent to the safety of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

62. Plaintiff believes and therefore avers that Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne had at all relevant times systematically failed to adequately test, hire, train, supervise, and discipline prison staff, including but not limited to the individually named defendants, regarding appropriate procedures for removing improvised weapons and ensuring the safety of inmates consistent with the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and were therefore in violation of 42 U.S.C. § 1983.

63. Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne have been deliberately indifferent to the rights of pretrial detainees to be free from cruel and unusual punishment, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States, and in violation of 42 U.S.C. § 1983.

64. Plaintiff believes and therefore avers that Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within GWHCF that increase the risk of danger to inmates such as Plaintiff and that ultimately resulted in Plaintiff's above-described injuries, including but not limited to:

    a. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to prevent inmates with known violent propensities from being allowed to access improvised weapons;

    b. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to respond to grievances from inmates regarding imminent threats of harm from other known violent inmates;

    c. Failing to have and/or enforce appropriate and immediately effective custody procedures, policies, and training;

    d. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure GWHCF staff act to prevent and/or intervene in foreseeable inmate-on-inmate assaults.

65. Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of inmates by failing to:

   a. Take steps to terminate them,

   b. Discipline or otherwise properly supervise the defendant correctional officers who engaged in them;

   c. Sanctioned them instead of effectively training the defendant correctional officers with regard to the proper constitutional and statutory limits to the exercise of their authority.

66. Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne, effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

67. As a direct and proximate result of the intentional and reckless actions and failures to act of Defendants Delaware County, GEO, Warden Lee Tatum, and Facility Administrator David Byrne, Plaintiff suffered the injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory damages against Defendants Delaware County, The GEO Group, Inc., GEO Corrections, GEO Care, Warden Lee Tatum, and Facility Administrator David Byrne, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT V – STATE COMMON LAW**
**CORPORATE NEGLIGENCE**
**DAYON BENSON V. THE GEO GROUP, INC., GEO CORRECTIONS, & GEO CARE**

68. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

69. Defendants GEO knew or should have known that their conduct presented an unreasonable risk of harm to Plaintiff, and other similarly situated individuals.

70. The negligence, carelessness, and/or recklessness of Defendants, in addition to the above, included:

   a. Failing to maintain reasonable and adequate staffing of housing unit 4A so as to prevent a known violent inmate from possessing or assaulting another inmate with an improvised weapon;

   b. Failing to maintain reasonable and adequate security within housing unit 4A so as to prevent a known violent inmate from possessing or assaulting another inmate with an improvised weapon;

   c. Failing to formulate, implement, and enforce reasonable and adequate crowd control staffing, policies, and procedures;

   d. Failing to formulate, implement, and enforce reasonable and adequate security policies and procedures to prevent individuals from bringing improvised weapons into or possessing them in housing unit 4A;

   e. Failing to adequately hire, train, and supervise staff on policies, procedures, and protocols to prevent individuals from bringing improvised weapons into or possessing them in housing unit 4A;

   f. Failing to formulate, implement, and enforce reasonable and adequate security policies and procedures to respond to grievances in which inmates alert GWHCF staff of threats of violence;

   g. Failing to adequately hire, train, and supervise staff on policies, procedures, and protocols to respond to grievances in which inmates alert GWHCF staff of threats of violence;

   h. Failing to formulate, implement, and enforce reasonable and adequate security policies and procedures to protect individuals within housing unit 4A in the event of an emergency, such as an aggressive, armed, and violent inmate;

> i. Failing to adequately hire, train, and supervise staff on policies, procedures, and protocols to protect individuals within housing unit 4A in the event of an emergency, such as an aggressive, armed, and violent inmate; and
>
> j. Failing to protect Plaintiff from individuals under their watch.
>
> k. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to prevent inmates with known violent propensities from being allowed to access improvised weapons;
>
> l. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to respond to grievances from inmates regarding imminent threats of harm from other known violent inmates;
>
> m. Failing to have and/or enforce appropriate and immediately effective custody procedures, policies, and training;
>
> n. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure GWHCF staff act to prevent and/or intervene in foreseeable inmate-on-inmate assaults.

71. The aforementioned acts and omissions of Defendants GEO were so malicious, intentional, and/or reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to the laws of the Commonwealth of Pennsylvania, Plaintiff demands compensatory and punitive damages against Defendants The GEO Group, Inc., GEO Corrections, and GEO Care, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT VI – STATE COMMON LAW
NEGLIGENCE-VICARIOUS LIABILITY
DAYON BENSON V. THE GEO GROUP, INC., GEO CORRECTIONS, & GEO CARE &
CORRECTIONAL OFFICER K. YEBOAH, CORRECTIONAL OFFICER C. GILLARD, &
CORRECTIONAL OFFICER JOHN DOE 1 – 10**

72. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

73. Defendants The GEO Group, Inc., GEO Corrections, and GEO Care, are liable for the negligent acts and omissions of their employees/agents/subcontractors, including defendants Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10.

74. Defendants Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10 negligent acts and omissions included:

    a. Ignoring Plaintiff's Inmate/Resident Grievance Form informing Defendants of a threat of physical violence against him and requesting to be moved from housing unit 4A;

    b. Failing to investigate the threat of violence against the Plaintiff;

    c. Failing to respond to the assault against the Plaintiff in a timely manner;

    d. Failing to identify and secure, move, search the inmate threatening the Plaintiff;

    e. Failing to move either the Plaintiff or the inmate threatening the Plaintiff to another unit in the prison;

    f. Failing to protect the Plaintiff from a known threat of physical violence and harm.

75. The aforementioned acts and omissions of Defendants GEO were so malicious, intentional, and/or reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to the laws of the Commonwealth of Pennsylvania, Plaintiff demands compensatory and punitive damages against Defendants The GEO Group, Inc., GEO Corrections, GEO Care, Correctional Officer K. Yeboah, Correctional Officer C. Gillard, and Correctional Officer John Doe 1 – 10 jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

/s/ Thomas Bruno, II
Thomas Bruno II, Esquire
PA Identification No: 26180
tbruno@adlawfirm.com

**Abramson & Denenberg, P.C.**
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiffs*